OPINION
{¶ 1} Appellant, Michael D. Large, appeals a judgment of the Portage County Court of Common Pleas sentencing him to 10 months on each of two counts of forgery, felonies of the fifth degree. For the reasons that follow, we affirm the trial court's judgment entry on sentence.
 {¶ 2} Appellant was indicted on eight counts of forgery, felonies of the fifth degree, in violation of R.C. 2913.31(A)(3), and one count of receiving stolen property, also a felony of the fifth degree, in violation of R.C. 2913.51. On October 21, 2004, appellant pleaded guilty to two counts of forgery and the trial court nolled the remaining counts.
 {¶ 3} On January 24, 2005, appellant moved to withdraw his guilty plea. The court denied appellant's motion and proceeded to sentence appellant to ten months incarceration for each count to be served concurrently. On February 8, 2005, appellant moved the court to stay the execution of his sentence which was denied on February 9, 2005. On February 18, 2005, appellant moved the court to reconsider its denial of his motion to stay the execution of his sentence. On February 25, 2005, the court again denied appellant's motion. On March 23, 2005, pursuant to App.R. 8, appellant moved this court to stay the execution of his sentence. On April 6, 2005, this court granted appellant's motion on the condition he posted a supersedeas bond in the amount of $8,000, cash or surety. On July 15, 2005, appellant posted the requisite bond staying the execution of the remainder of his sentence pending the instant appeal.
 {¶ 4} Appellant asserts the following assignments of error for our review:
 {¶ 5} "[1.] The court erred to the prejudice of appellant, in sentencing appellant with fact finding by the court and not admitted by appellant or found by a jury in violation of his U.S. Const. Amend. VI right to trial by jury.
 {¶ 6} "[2.] The court erred to the prejudice of appellant, by not finding factors under R.C. 2929.13(B)(1) and failing to address why the minimum sentence was not appropriate.
 {¶ 7} "[3.] The trial court committed error to the prejudice of the appellant by utilizing mandatory parts of Ohio's sentencing statutes which are unconstitutional, because mandatory fact finding for sentencing by the court violates appellant's U.S. Const. Amend. VI right to a jury trial."
 {¶ 8} As appellant's first and third assignments of error assert arguments related to the United States Supreme Court's decision in Blakely v. Washingon (2004), 542 U.S. 296, we shall address them together.
 {¶ 9} Appellant contends that R.C. 2929.13(B), the statutory section which governs sentencing procedures for offenders convicted of felonies of the fourth and fifth degree, creates a presumption for community control sanctions. According to appellant, the only way for a court to impose a prison sentence on an offender for a fourth or fifth degree felony is by finding one of the factors set forth under R.C. 2929.13(B)(1). In appellant's view, any such finding would impermissibly swell the penalty beyond the presumptive sentence and therefore run afoul of Blakely.
 {¶ 10} In State v. Foster (2006), 109 Ohio St.3d 1,2006-Ohio-856, the Supreme Court of Ohio held various aspects of S.B. 2 unconstitutional and severed the offending provisions from R.C. Chapter 2929. Certain features of Ohio's sentencing scheme were retained, however, including R.C. 2929.13(B). The Court noted that, while community control is the default sentence for felonies of the fourth and fifth degree (that do not involve mandatory prison time), the statute does not afford a presumption in favor of community control. Foster, at ¶¶ 68-69. As a result, a court could sentence an offender to prison on a felony four or felony five without engaging the judicial factfinding prohibited by Blakely. Id. at ¶ 70.
 {¶ 11} Specifically, R.C. 2929.13(B)(2)(b) states that "if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i)[1] of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community controls sanctions upon the offender."
 {¶ 12} Alternatively, if the court makes one of the findings under R.C. 2929.13(B)(1)(a) through (i) and additionally finds that "a prison term is consistent with the purposes and principles of sentencing" and that "the offender is not amenable to an available community control sanction," the court shall impose a prison term. R.C. 2929.13(B)(2)(a).
 {¶ 13} With respect to the foregoing, Foster determined:
 {¶ 14} "At first blush, this portion of the statute appears to violate Blakely, but on closer inspection it does not. If the appropriate findings are made, the court has no discretion and must impose a prison term; however, the statute does not prevent a court from imposing a prison term without these findings. There is no presumption in favor of community control, in other words. If no findings are made under R.C.2929.13(B)(1)(a) through (j), the court must find that a community control sanction meets the principles of sentencing under R.C. 2929.11 before it must impose community control. Thus, a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term.
 {¶ 15} "R.C. 2929.13(B)(2)(a) would permit a judge to impose prison rather than community control without R.C.2929.13(B) findings. This subtle distinction was found to be constitutional in McMillan v. Pennsylvania (1986), 477 U.S. 79
* * *. There, with respect to a statute involving use of a firearm during an offense, the court was required to impose a mandatory minimum prison term if findings were made — yet the court could still have imposed a greater term without the findings. R.C. 2929.13(B)(2)(b) and 2929.13(B)(2)(a) do not violate Blakely by requiring the sentencing court to make additional findings of fact before increasing a penalty at the fourth or fifth degree felony level." Id. at ¶¶ 69-70. (Emphasis sic.)
 {¶ 16} In the instant matter, the trial court considered the "seriousness" and "recidivism" factors under R.C. 2929.12. From this, the court determined a prison term was consistent with the purposes of R.C. 2929.11 and found appellant was not amenable to community control sanctions. While the record does not obviously reflect the court made findings under R.C. 2929.13(A)(1)(a) through (i), this omission is inconsequential. Pursuant toFoster, appellant's sentence was properly imposed. Appellant's first and third assignments of error lack merit.
 {¶ 17} Appellant's second assignment of error alleges the court erred by failing to make findings under R.C. 2929.13(B)(1) and failing to address why the minimum sentence was not appropriate. Our holding supra obviates any analysis of this argument. As such, appellant's second assignment of error is overruled.
 {¶ 18} For the above stated reasons, appellant's three assignments of error lack merit and thus, the judgment of the Portage County Court of Common Pleas is hereby affirmed.
O'Neill, J., O'Toole, J., concur.
[1] R.C. 2929.13(B)(1) provides:
"[I]n sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
"(a) In committing the offense, the offender caused physical harm to a person.
"(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
"(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
"(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
"(e) The offender committed the offense for hire or as part of an organized criminal activity.
"(f) The offense is a sex offense that is a fourth or fifth degree felony violation [of certain enumerated statutes].
"(g) The offender at the time of the offense was serving, or the offender previously served, a prison term.
"(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
"(i) The offender committed the offense while in possession of a firearm."